{¶ 30} I concur with the majority view and analysis that overrules Cole's first two assignments of error. I respectfully dissent from the majority view that sustains Cole's third assignment of error. I would find that the trial court did place sufficient information on the record regarding the relevant factors enumerated in R.C. 2950.09(B)(2). I would affirm the trial court and find that the record sufficiently supports Cole's sexual predator classification. R.C. 2950.01(E) defines a sexual predator as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order for the court to declare an offender a sexual predator, the court must determine by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger,91 Ohio St.3d 158, 163, 2001-Ohio-247, citing R.C. 2950.01(E) and R.C.2950.09(B). In order to satisfy this standard, "there must be something of substance from which one could draw a logical conclusion concerning the likelihood of recidivism to reach a firm belief or conviction that defendant is likely to commit a sexually oriented offense in the future."State v. Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770.
 {¶ 31} In State v. Eppinger, 91 Ohio St.3d 158, 166,2001-Ohio-247, the Ohio Supreme Court recognized that the issue presented at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses. To assist courts in making this determination, the court adopted a model procedure for these hearings. Id. The court set forth three objectives for a model hearing which included: 1) a record needs to be created for review, 2) an expert may be required to assist the trial court with its determination, and 3) the trial court should consider the statutory factors listed in R.C.2950.09(B) and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. Id. The court emphasized that it was "suggesting standards for the trial courts that will aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender." Id. at 167.
 {¶ 32} The Ohio Supreme Court again addressed the issue in Statev. Thompson, 92 Ohio St.3d 584, 587-588, 2001-Ohio-1288. In that decision, the court stated:
"R.C. 2950.09(B)[3] requires a court to `consider all relevant factorsincluding, but not limited to, all of the following [factors].' Thislanguage requires the court to `consider' the factors listed in R.C.2950.09(B)[3], but does not direct the court on what weight, if any, itmust assign to each factor. Such an interpretation makes sense becausedetermining recidivism is at best an imperfect science and while theguidelines set forth potentially relevant factors, some may not beapplicable in every case. Thus, R.C. 2950.09(B)[3] does not divest a courtof its fact-finding powers in assessing the relevancy of each factor. Aswe stated in State v. Eppinger (2001), 91 Ohio St.3d 158, 166,743 N.E.2d 881, 889, `the trial court should consider the statutoryfactors listed in R.C. 2950.09(B)[3], and should discuss on the recordthe particular evidence and factors upon which it relies in making itsdetermination regarding the likelihood of recidivism.' (Emphasisadded.)"
Id.
 {¶ 33} The above decisions from the Ohio Supreme Court set forth basic standards that should be followed to meet the criteria required in an R.C. 2950.09 hearing. Eppinger, 91 Ohio St.3d at 166. These standards are "suggested" standards for aiding appellate review of whether a court "considered" the statutory factors in making a sexual offender classification. See Id. at 167. Indeed, the statute imposes no requirement that a court list the factors used in its determination. As long as the record reflects that the court considered the relevant factors, the requirement of the statute has been met.
 {¶ 34} In this case, the court did discuss on the record the particular evidence upon which it relied. The court stated the following:
"In regards to House Bill 180 considerations: Upon the information andevidence that has been provided to me and stipulated to, I find that thedefendant is a sexual predator. * * *
 "He's also indicated to be a sexually oriented offender, and he wasconvicted of a sexually-oriented offense as defined in Revised CodeSection 2950.01, and is therefore classified as a sexually-orientedoffender.
 "Now, after reviewing all the testimony presented in the report and thepre-sentence investigation report, which is stipulated to, I find thisfinding is made by clear and convincing evidence that he is a sexualpredator in this matter."
 {¶ 35} While the court did not state the particular factors it used in arriving at its decision, the parties had stipulated to the facts and statements contained in the presentence investigation report ("PSI"). As such, the court had something of substance from which to make a sexual offender classification. See State v. Arthur, supra. The evidence before the court, including the PSI, addressed particular factors including the age of the victims, the nature and duration of the sexual abuse, and the relationship of Cole to the victims. The court clearly indicated it had reviewed this evidence, which included factors stipulated to by the parties. Upon the totality of the record, I would find the trial court considered all relevant factors, including the criteria in R.C. 2950.09(B). Based on this record, which involved repeated acts of sexual abuse towards two minors under the age of thirteen, I cannot say that the trial court abused its discretion in concluding that Cole, by clear and convincing evidence, posed a risk of sexually re-offending in the future. I would find that the record sufficiently supports Cole's sexual predator classification.